UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| TAQUELA BERNICE SMITH-TAYLOR, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 3:17-cv-01198 |
| BRIDGECREST CREDIT COMPANY, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

**COMPLAINT**

NOW comes TAQUELA BERNICE SMITH-TAYLOR ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of BRIDGECREST CREDIT COMPANY, LLC ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 for Defendant's unlawful practices.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Illinois.

## PARTIES

4. Plaintiff is a 40 year-old natural "person" as defined by 47 U.S.C. §153(39).

5. Defendant offers new and used vehicles, as well as auto financing, to customers throughout the United States. Defendant is registered at 1720 West Rio Salado Parkway, Tempe, Arizona, and it regularly places collection phone calls to consumers located in Illinois.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. A few years ago, Plaintiff's son, Torez Payne, purchased a 2011 Ford Fusion, which was financed through Defendant.

9. Plaintiff co-signed on the financing agreement.

10. Shortly thereafter, Plaintiff's son experienced financial hardship and fell behind on his monthly payments to Defendant.

11. In 2015, Plaintiff began receiving calls to her cellular phone, (314) XXX-9850 from Defendant.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the above cellular telephone ending in 9850. Plaintiff is and has always been financially responsible for the cellular phone and its services.

13. Defendant has mainly used the phone number (877) 329-9029 when placing calls to Plaintiff's cellular phone, but upon belief, it has used other numbers as well.

14. Upon information and belief, the above-referenced phone number ending in 9029 is regularly used by Defendant to contact consumers during its collection activities.

15. When Plaintiff has answered calls from Defendant, she has experienced a noticeable pause, lasting several seconds in length, before a live representative comes on the line.

16. Upon speaking with one of Defendant's representatives, Plaintiff was notified that it was seeking to collect upon her son's past due payment.

17. Plaintiff informed Defendant that her son was unable to make payment and demanded that Defendant stop calling.

18. Despite Plaintiff's demands, Defendant continued to relentlessly call Plaintiff's cellular phone into 2016.

19. Even after being told to stop calling, Defendant has placed multiple calls to Plaintiff's cellular phone during the same day.

20. Plaintiff has received not less than 55 phone calls from Defendant since asking it to stop calling.

21. Seeing no alternative to ending Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in fees and expenses.

22. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $64.00 to purchase and maintain an application subscription on her cellular phone in an attempt to quell Defendant's contacts, resulting in pecuniary loss.

23. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

24. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending

calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

25. Plaintiff repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

26. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

27. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The noticeable pause, lasting several seconds in length, that Plaintiff experienced during answered calls before being connected to a live representative of Defendant is instructive that an ATDS was being used. Similarly, the frequency and nature of Defendant's contacts strongly suggests that a predictive dialing ATDS was being used to generate them.

28. Defendant violated the TCPA by placing at least 55 phone calls to Plaintiff's cellular phone using an ATDS after she revoked consent. Even if Plaintiff *may* have consented to receive collection calls from Defendant through means of an ATDS, such permission was explicitly rescinded by her demands to cease contact.

29. The calls placed by Defendant to Plaintiff were regarding collection and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

30. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA

should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, TAQUELA BERNICE SMITH-TAYLOR, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant to cease contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: October 31, 2017                             Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Admitted in the Southern District of Illinois
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com