UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| TAQUELA BERNICE SMITH-TAYLOR,<br><br>    Plaintiff,<br><br>v.<br><br>BRIDGECREST CREDIT COMPANY, LLC,<br><br>    Defendants. | Case No: 3:17-cv-01198-NJR-SCW<br><br>Honorable Nancy J. Rosenstengel<br>Magistrate Honorable Stephen C. Williams |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1)**

NOW comes TAQUELA BERNICE SMITH-TAYLOR ("Plaintiff"), by and through her counsel, Sulaiman Law Group, Ltd., and in response to Defendant BRIDGECREST CREDIT COMPANY, LLC's ("Bridgecrest") Motion to Dismiss Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, stating as follows:

**I.     INTRODUCTION**

On October 31, 2017, Plaintiff filed this action seeking redress for Bridgecrest's alleged violations of the Telephone Consumer Protection Act ("TCPA"). [Dkt. 1]. On November 2, 2017, Plaintiff filed a Chapter 7 petition in the United States Bankruptcy Court, Eastern District of Missouri (St. Louis), under Case Number 17-47583 ("bankruptcy").

On November 27, 2017, Bridgecrest filed a Motion to Dismiss Plaintiff's claims ("Bridgecrest's Motion"). Bridgecrest's Motion seeks dismissal on the theory that Plaintiff lacks standing to pursue her TCPA claims ("claims") against it because she did not list this lawsuit in her bankruptcy, and "(1) the claims accrued prior to her bankruptcy filing and (2) the bankruptcy trustee has not abandoned these claims." [Dkt. 9 at 2]. Plaintiff committed an honest mistake by overlooking the inclusion of this lawsuit in her bankruptcy, however, immediately upon becoming

1

aware of this oversight, on December 4, 2017 Plaintiff swiftly amended her bankruptcy schedules to add the claims, thus providing Plaintiff's Chapter 7 Bankruptcy Trustee, Tracy A. Brown ("Ms. Brown") with notice of the claims. In fact, on or about February 1, 2018, Plaintiff's counsel was contacted by Plaintiff's Chapter 7 Bankruptcy Trustee, Tracy A. Brown ("Ms. Brown"), who indicated that she will be employing Plaintiff's counsel to prosecute this matter against Bridgecrest. Accordingly, on February 2, 2018, Ms. Brown filed a Motion for Approval of Employment of Attorneys. *See* attached Exhibit A for a true and correct copy of Trustee's Motion for Approval of Employment of Attorneys.

Plaintiff does not dispute that her claims accrued prior to her bankruptcy filing, and Defendant correctly asserts that "absent abandonment of these claims, the Trustee, and not Plaintiff, is the real-party-in-interest." *Id*. What Defendant erroneously argues, however, is that dismissal is warranted due to this issue of standing. Ms. Brown is now the real-party-in-interest, and as will be outlined below, courts must allow a reasonable time for the real party in interest to join the lawsuit.

**II.   LEGAL STANDARD**

A Rule 12(b)(1) motion seeks dismissal of an action over which a court allegedly lacks subject matter jurisdiction. The party asserting jurisdiction bears the burden of establishing that jurisdiction is satisfied. *Glaser v. Wound Care Consultants, Inc*., 570 F.3d 907, 913 (7th Cir. 2009). In evaluating a motion brought under Rule 12(b)(1), the court accepts as true the plaintiff's well-pleaded allegations and draws all reasonable inferences in favor of the nonmoving party. See *Long v. Shorebank Dev. Corp*., 182 F.3d 548, 554 (7th Cir. 1999). The court also may "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the

issue to determine whether in fact subject matter jurisdiction exists." *Id*. (quoting *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993)) (internal quotation marks omitted).

### III.   ARGUMENT

#### A.   **The Trustee has elected to pursue this Claim so Dismissal is Unwarranted.**

Rule 17 of the Federal Rules of Civil Procedure requires that an action "be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). Where the action is originally brought by a party other than the real party in interest, Rule 17 provides that a court "may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). "If the real party in interest ratifies, joins, or is substituted, the "action proceeds as if it had been originally commenced by the real party in interest." *Id.*

As Defendant correctly outlines in footnote 3 of its motion, what constitutes "reasonable" is a matter for the court's discretion and depends on the facts of each case. See *Tate v. Snap-On Tools Corp.*, No. 90 C 4436, 1997 U.S. Dist. LEXIS 1485, 1997 WL 106275, at *7 (N.D. Ill. Feb. 11, 1997); *see Nationwide Acceptance Corp. v. Markoff*, No. 99 C 5632, 2000 U.S. Dist. LEXIS 12496, 2000 WL 1230434, at *4 (N.D. Ill. Aug. 23, 2000) (finding failure to ratify after seven months was not reasonable); *Metal Forming Technologies, Inc. v. Marsh & McLennan Co.*, 224 F.R.D. 431, 437-38 (S.D. Ind. 2004) (determining plaintiff's failure to join real party fourteen months after defendant filed answer was not reasonable); *Wielgus v. Ryobi Technologies, Inc.*, No. 08 CV 1597, 2012 U.S. Dist. LEXIS 54077, at *8 (N.D. Ill. Apr. 18, 2012) [*9] (holding four years and eight months after the close of discovery to file joinder motion was unreasonable delay).

Here, Plaintiff amended her bankruptcy schedules within a week of being made aware of the error on her filings. In addition, Ms. Brown has reached out to Plaintiff's counsel and has also timely filed an application with the bankruptcy court in order to employ attorneys to prosecute this matter.  Moreover, only two months have elapsed since Plaintiff amended her bankruptcy schedule.  Accordingly, additional time should be granted in order for Ms. Brown to properly join this case.

In *Posley v. Clarian* Health, 2012 U.S. Dist. LEXIS 132261, at *9 (S.D. Ind. Sep. 17, 2012), in denying the defendant's motion to dismiss with respect to the plaintiff's lack of standing, that court found that the plaintiff took "affirmative steps to rectify the procedural issues raised by [the defendant], including amending bankruptcy schedules and the trustee's employment of counsel to pursue this litigation."  The court in *Posley* ultimately ruled that "dismissal is not appropriate unless [plaintiff] failed to join the trustee within a reasonable time of [defendant's] objection.  Reasonableness is contingent on the facts of each case." *Posley v. Clarian Health*, No. 1:11-cv-1511-TWP-MJD, 2012 U.S. Dist. LEXIS 132261, at *8-9 (S.D. Ind. Sep. 17, 2012).  Similarly here, Plaintiff promptly took all the necessary steps in order to cure any procedural issues.  Therefore, Ms. Brown, as the party in interest, shall be afforded a reasonable time to ratify, join, or be substituted into the action.

Similar standing arguments have been struck down by other circuits as well.  For example, in *DiDonato v. Imagine One Tech. & Mgmt.,* 2016 U.S. Dist. LEXIS 154005, at *8 (D.N.J. Nov. 7, 2016), the defendant argued that the plaintiff's claims should be dismissed due to a lack of standing.  While that court acknowledged "that claims arising from pre-bankruptcy occurrences are assets of the bankruptcy estate," that court also found "it is not inevitable that Plaintiff's claim must be dismissed," as "the Bankruptcy Court issued an order approving Plaintiff's counsel…as

4

special counsel for the Trustee to pursue this claim." *Id.* Accordingly, that court "decline[d] to dismiss Plaintiff's claim for lack of standing," and alternatively, allowed the Chapter 7 Trustee to be joined as a Plaintiff against the Defendant pursuant to Federal Rules of Civil Procedure 17(a)(3). *Id.* Here, Ms. Brown has filed an application with the bankruptcy court in an effort to employ attorneys to prosecute Plaintiff's claims against Bridgecrest. Pursuant to Fed. R. Civ. P. 17(a)(3), Ms. Brown should be afforded a reasonable time for the bankruptcy court to enter her application and ultimately allow her to proceed as the party in interest in this lawsuit.

**IV.  CONCLUSION**

While Defendant's Motion is correct in that Plaintiff lacks standing to prosecute this matter, Defendant erroneously draws the supposition that this matter must be dismissed. As set forth herein, Ms. Brown will be stepping into the shoes of Plaintiff and this matter will proceed as normal. Under Fed. R. Civ. P. 17(a)(3), reasonable time must be allowed for the real party in interest to join the lawsuit, and so dismissal would be improper at this stage.

Alternatively, in the event any of Plaintiff's claims are found to warrant dismissal, this Court should grant leave for Plaintiff's Complaint to be amended to reflect that the trustee is the appropriate party in interest.

WHEREFORE, Plaintiff, TAQUELA SMITH-TAYLOR, respectfully requests this Honorable Court enter an order denying Defendant's Motion in its entirety, or in the alternative, allow Plaintiff to amend her Complaint, and for any other relief just and appropriate.

    Respectfully submitted,

    /s/ Nathan C. Volheim
    Nathan C. Volheim
    *Counsel for Plaintiff*
    Sulaiman Law Group, LTD
    2500 S. Highland Ave., Ste. 200

Lombard, IL 60137<br>
Phone (630)575-8181x113<br>
Fax: (630)575-8188

## CERTIFICATE OF SERVICE

I, Nathan C. Volheim, an attorney, certify that on February 5, 2018, I caused the foregoing **Plaintiff's Response to Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)** to be served upon counsel of record through operation of the Court's Case Management/Electronic Case File (CM/ECF) system.

/s/ Nathan C. Volheim