IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TAQUELA BERNICE SMITH-TAYLOR, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 17-CV-1198-NJR-SCW |
| BRIDGECREST CREDIT COMPANY, LLC, | ) ) ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on a Motion to Dismiss for Lack of Jurisdiction filed by Defendant Bridgecrest Credit Company, LLC ("Bridgecrest") (Doc. 9). On February 5, 2018, Plaintiff Taquela Bernice Smith-Taylor ("Smith-Taylor") filed a response in opposition to the motion (Doc. 14), and seven days later, Bridgecrest filed a reply brief (Doc. 15). For the reasons set forth below, the motion is denied.

## BACKGROUND

Smith-Taylor filed this lawsuit on October 31, 2017, alleging that Bridgecrest repeatedly used an automatic telephone dialing system, without Smith-Taylor's consent, in violation of the Telephone Consumer Protection Act ("TCPA") (Doc. 1). Two days later, on November 2, 2017, Smith-Taylor filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Eastern District of Missouri (Doc. 9-1). Smith-Taylor failed to disclose this lawsuit on her bankruptcy petition, and answered "No" to the

question: "Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?" (Doc. 9-2, p. 36).

On November 27, 2017, Bridgecrest filed a Motion to Dismiss (Doc. 9) raising this issue and arguing that Smith-Taylor lacks standing to assert her claims in this lawsuit by virtue of the rules of bankruptcy. Specifically, Section 541 of the Bankruptcy Code creates a bankruptcy estate comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). This includes a cause of action that accrued prior to filing the petition, such as this lawsuit. *See In re Polis*, 217 F.3d 899, 901 (7th Cir. 2000) (stating that 11 U.S.C. § 541(a)(1) "has uniformly been interpreted to include causes of action"); *see also Gulley v. Winnebago County Forest Preserve District*, No. 91 C 20231, 1992 WL 185938, at *2 (N.D. Ill. 1992) ("The point in time to look at is when Plaintiff's cause of action accrued."). The Bankruptcy Code further provides that the trustee in a Chapter 7 case "has sole authority to dispose of property, including managing litigation related to the estate." *Cable v. Ivy Tech State College*, 200 F.3d 467, 472 (7th Cir. 1999) *overruled on other grounds by Hill v. Tangherlini*, 724 F.3d 965, 967 n. 1 (7th Cir. 2013). As this TCPA lawsuit was filed prior to the initiation of the bankruptcy proceeding, it would belong to the bankruptcy estate, and the real party in interest would be the trustee of the bankruptcy estate. *See Cable*, 200 F.3d at 472 ("In liquidation proceedings, only the trustee has standing to prosecute or defend a claim belonging to the estate.").

On December 4, 2017, presumably in response to Bridgecrest's motion, Smith-Taylor amended her bankruptcy schedules to include this lawsuit (Doc. 14, p. 2).

On January 2, 2018, Smith-Taylor filed a Motion for Extension of Time to respond to Bridgecrest's Motion to Dismiss (Doc. 10). In support of the motion, Smith-Taylor explained that Tracy A. Brown, her bankruptcy Trustee, "should be filing a No Asset/No Distribution Report and/or Notice of Abandonment in short order." (Doc. 10, ¶11). In light of that representation, the Court granted the motion and permitted an extension of time for Smith-Taylor to respond to the Motion to Dismiss (*See* Doc. 13).

On February 5, 2018, Smith-Taylor filed a Response to the Motion to Dismiss (Doc. 14). It does not appear that the Trustee ever filed a No Asset/No Distribution Report and/or Notice of Abandonment. Instead, Smith-Taylor's Response indicates that, on February 2, 2018, the bankruptcy trustee filed in the bankruptcy court a Motion for Approval of Employment of Attorneys (Doc. 14-1, ¶5), indicating that the bankruptcy trustee intends to prosecute this matter against Bridgecrest. Nevertheless, neither Smith-Taylor nor the bankruptcy trustee has acted on this matter in this Court. Additionally, Smith-Taylor has not requested supplemental briefing in order to apprise the Court of the status of the bankruptcy matter or any change of course with respect to the bankruptcy Trustee's intentions.

## Legal Standard

"When ruling on a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the district court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). District courts may, however, "properly look beyond the jurisdictional allegations of the complaint and view whatever

evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Evers v. Astrue*, 536 F.3d 651, 656-657 (7th Cir. 2008). "In all cases, the party asserting federal jurisdiction has the burden of proof to show that jurisdiction is proper." *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 722 (7th Cir. 2012) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 289 U.S. 178, 189 (1936)).

When a debtor files for Chapter 7 bankruptcy protection, the Bankruptcy Code creates a bankruptcy estate that includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. §541(a)(1). "[T]he estate in bankruptcy, not the debtor, owns all pre-bankruptcy claims." *Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006).

Rule 17 of the Federal Rules of Civil Procedure requires that "[a]n action must be prosecuted in the name of the real party in interest. FED. R. CIV. P. 17(a)(1). Rule 17 further instructs that "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a *reasonable time* has been allowed for the real party in interest to ratify, join, or be substituted into the action." FED. R. CIV. P. 17(a)(3) (emphasis added). "What constitutes a "reasonable time" for purposes of Rule 17 is a matter of judicial discretion that depends on the facts of each case." *Tate v. Snap-On Tools Corp.*, No. 90 C 4436, 1997 WL 106275, at *8 (N.D. Ill. 1997).

## ANALYSIS

Bridgecrest argues in its Motion to Dismiss that Smith-Taylor's case cannot proceed because she lacks standing; in other words, the claim properly belongs to the bankruptcy Trustee (Doc. 9). Smith-Taylor agrees with Bridgecrest that the bankruptcy

Trustee is the proper plaintiff, and therefore Smith-Taylor lacks standing (Doc. 14). Nonetheless, Smith-Taylor argues that the Court should allow the Trustee to join, ratify, or be substituted into this action (Doc. 14, p. 3). Bridgecrest argues: (1) that Smith-Taylor should not be allowed to rectify the error because it does not constitute an excusable mistake, and (2) that even if the Trustee intends to prosecute the claims, this Court should deny the Trustee an opportunity to because the Trustee has not acted towards this goal since she was notified of the action (Doc. 9, p. 7; Doc. 15, p. 2).

The Court first addresses Bridgecrest's argument that failing to reveal the existence of this lawsuit should not be considered an honest and excusable mistake. The Advisory Committee's notes on Rule 17(a) state that decisions are intended to be "lenient when an honest mistake has been made" and that "[i]t is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made." FED. R. CIV. P. 17(a). Courts have interpreted this language to excuse only honest mistakes or when determining the proper party proves difficult. *See Metalworking Lubricants Co. v. U.S. Fire Ins. Co*, 460 F. Supp. 2d 897, 902 (S.D. Ind. 2006) (collecting cases).

Here, Smith-Taylor asserts in her response that she committed an honest mistake, and the Court believes this to be true (Doc. 14, p. 1). First, the error of a person filling in the wrong box on a forty-nine-page bankruptcy form seems to be an honest mistake (*See* Doc. 9-2). Furthermore, after Bridgecrest brought the error to Smith-Taylor's attention in its Motion to Dismiss, Smith-Taylor amended her bankruptcy schedules just seven days later (Doc. 14, p. 2). The Court finds that Smith-Taylor committed an honest

mistake when filling out her Bankruptcy schedule, and she worked to rectify that mistake once it was brought to her attention.

The more difficult question is whether Smith-Taylor has failed to act to rectify this situation within a reasonable time. As stated, Smith-Taylor has amended her bankruptcy schedule, and the Trustee has filed a Motion for Approval of Employment of Attorneys in the bankruptcy court (Doc. 14-1). This motion was filed by the Trustee approximately three months after the bankruptcy schedules were amended. Despite receiving Bridgecrest's reply brief, Smith-Taylor has not performed any actions to try to add the Trustee to this case, nor has Smith-Taylor acted to compel the Trustee to act in this case. To date, the Trustee has failed to abandon, ratify, or join this lawsuit. It is conceivable, however, that Smith-Taylor views its response brief as requesting permission from the Court for the Trustee to move to join this action and thus does not feel it necessary to take any action until the Court issues its ruling on the Motion to Dismiss (*See* Doc. 14, p. 5 "Ms. Brown should be afforded a reasonable time for the bankruptcy court to enter her application and ultimately allow her to proceed as the party in interest in this lawsuit").

Overall, Smith-Taylor has taken clear steps toward fixing the standing issue. She amended her bankruptcy schedules quickly after being alerted of the error, and the Trustee has filed a Motion for Approval of Employment of Attorneys, indicating that the Trustee intends to prosecute the claims in this Court. Although no action has been taken at this point, the Court gives Smith-Taylor and the Trustee the benefit of the doubt and presumes that they are waiting on a ruling from this Court before taking any action (but the Court notes that they were in no way prevented from filing a motion to substitute

with the Court while the Motion to Dismiss was pending and should have done so). After examining the pleadings and making all reasonable inferences in favor of Smith-Taylor, the Court finds that the delay is reasonable. *Posley v. Clarian Health*, No. 1:11-cv-1511-TWP-MJD, 2012 WL 4101914, at *3 (S.D. Ind. Sept. 17, 2012) ("Reasonableness is contingent on the facts of each case."). Accordingly, the Court denies Bridgecrest's Motion to Dismiss (Doc. 9).

## CONCLUSION

For the reasons set forth above, the Court **DENIES** the Motion to Dismiss for Lack of Jurisdiction (Doc. 9) at this time. The real party in interest shall move to be substituted in as plaintiff by **June 29, 2018**, or this case will be dismissed for lack of standing.

**IT IS SO ORDERED.**

**DATED: June 22, 2018**

        **s/ Nancy J. Rosenstengel**_____
        **NANCY J. ROSENSTENGEL**
        **United States District Judge**